PATRICK J. WHALEN, ESQUIRE
Attorney at Law, LLC
109 S. Warren Street
P.O. Box 23653
Trenton, NJ 08608
PHONE: (609)-393-6970
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL DYAL,<br><br>               Plaintiff,<br><br>    v.<br><br>SOMERSET COUNTY; SOMERSET COUNTY SHERIFF'S OFFICE; SOMERSET COUNTY SHERIFF DARRIN J. RUSSO; SOMERSET COUNTY JAIL; SOMERSET COUNTY JAIL WARDEN PAUL A. KAMINSKY; SOMERSET COUNTY CORRECTIONAL OFFICER CASTRO; SOMERSET COUNTY CORRECTIONAL OFFICER SOFFER; SOMERSET COUNTY CORRECTIONAL LIEUTENANT CRESPO; SOMERSET COUNTY OFFICERS JOHN & JANE DOES #1-10, SOMERSET COUNTY SUPERVISORS JOHN & JANE DOE #1-10,<br><br>               Defendants. | Case Number: 3:22-CV-4896<br><br><br><br>**COMPLAINT** |

      Plaintiff Samuel Dyal through his undersigned counsel, for his Complaint against

Defendants: SOMERSET COUNTY ("SC"); SOMERSET COUNTY SHERIFF'S OFFICE

("SCSO") ; SOMERSET COUNTY SHERIFF DARRIN J. RUSSO; SOMERSET COUNTY

JAIL; SOMERSET COUNTY JAIL WARDEN PAUL A. KAMINSKY; SOMSERSET

COUNTY CORRECTIONAL OFFICER CASTRO; SOMSERSET COUNTY

CORRECTIONAL OFFICER SOFFER; SOMERSET COUNTY CORRECTIONAL

LIEUTENANT CRESPO; SOMERSET COUNTY OFFICERS JOHN & JANE DOES #1-10,

and SOMERSET COUNTY CORRECTIONAL SUPERVISORS JOHN & JANE DOES #1-10:

Collectively, these Defendants will be referred to as the "Somerset County Defendants".

## I. JURISDICTION

1.      Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to Title 42

U.S.C. §1983 and Title 28 U.S.C. §§1331, 1332 and 1343(a).

## II. VENUE

2.      Venue in this District is proper, pursuant to 28 U.S.C.A. §1391, because

Defendants are located in Somerset County and certain unconstitutional acts, practices, and

misconduct occurred within this District.

## III. PARTIES

3.      Plaintiff is an adult individual residing at 27 Washington Road, Princeton, New

Jersey 08550.

4.      Defendant, Somerset County ("SC"), was at all times material hereto a County in

the State of New Jersey, duly organized as such under the laws of the State, and was responsible

for the care, custody and control of the Plaintiff during the relevant and pertinent time period.

5.      Defendant, Somerset County Sheriff's Office ("SCSO"), was at all times relevant

herein a policymaking agency/department of the County of Somerset, organized under the laws

of the State of New Jersey.  Upon information and belief, at all times relevant herein, SCSO was

responsible for overseeing the operations of the Somerset County Jail. SCSO was responsible for

enforcing all criminal laws of the State of New Jersey and criminal municipal ordinances of the

County of Somerset, as well as for the hiring, supervision, training and retention of Police

Officers/Patrolman in the County, including the Somerset County Jail, and all other respective

duties of a municipal law enforcement agency.  At all times relevant herein, Defendants SCSO

and Somerset County were the employer and principal of the Individual Defendants named

2

herein.   Defendants SCSO and Somerset County have the authority and ability, to afford Plaintiff's prospective and final injunctive relief.  For the purposes of all causes of action pleaded herein under N.J.S.A. 10:6-2 *et seq*., Defendants SCSO and Somerset County are persons under law.

6.      At all times relevant to this Complaint, Defendant Somerset County Sheriff Darrin J. Russo was employed by the Somerset County Sheriff's Office.   Upon information and belief, at all times relevant herein, Sheriff Russo was responsible for overseeing the operations of the Somerset County Jail. Defendant Sheriff Russo was responsible for enforcing all criminal laws of the State of New Jersey and criminal municipal ordinances of the County of Somerset, as well as for the hiring, supervision, training and retention of Police Officers/Patrolman in the County, including the Somerset County Jail, and all other respective duties of a municipal law enforcement agency.  At all times relevant herein, Defendant Sheriff Russo was the employer and principal of the Individual Defendants named herein.  Defendant Sheriff Russo has the authority and ability, to afford Plaintiff's prospective and final injunctive relief.  For the purposes of all causes of action pleaded herein under N.J.S.A. 10:6-2 *et seq*. At all times relevant hereto, Defendant Russo acted under color of state law, in the course and scope of his employment, pursuant to the policies, practices and customs of SCSO. He is being sued in both his individual and official capacities.

7.      Upon information and belief, Defendant Paul A. Kaminsky, is a resident of the State of New Jersey, and, at all times material hereto, served as the Warden at SCJ.  As Warden, Defendant Kaminsky had final decision-making authority over all policy decisions regarding SCJ, and was responsible for implementation of and enforcement of policies and procedures designed to provide Pretrial Detainees, Inmates, and those Inmates released by the Courts, including the Plaintiff, with reasonable and necessary medical care, and to ensure the physical

3

and emotional safety and well-being of the Plaintiff.  As the highest-ranking official at SCJ, Defendant Kaminsky's edicts and acts may fairly be said to represent official policy.  At all times material hereto, Defendant Warden Kaminsky acted under color of state law and is being sued in his individual and official capacities.

8.   Upon information and belief, Defendant Castro, is and was at all times material hereto, a Correctional Officer at SCJ and as such, he was responsible for the care, custody and control of the SCJ Pretrial Detainees, Inmates and released Inmates, such as the Plaintiff.  At all times relevant hereto, Defendant CO Castro acted under color of state law, in the course and scope of his employment, pursuant to the policies, practices and customs of SCJ, and is being sued in his individual capacity.

9.     Upon information and belief, Defendant Soffer, is and was at all times material hereto, a Correctional Officer at SCJ and as such, he was responsible for the care, custody and control of the SCJ Pretrial Detainees, Inmates and released Inmates, such as the Plaintiff.  At all times relevant hereto, Defendant CO Soffer acted under color of state law, in the course and scope of his employment, pursuant to the policies, practices and customs of SCJ, and is being sued in his individual capacity.

10.     Upon information and belief, Defendant Crespo, is and was at all times material hereto, a Lieutenant Correctional Officer at SCJ and as such, he was responsible for the care, custody and control of the SCJ Pretrial Detainees, Inmates and released Inmates, such as the Plaintiff.  At all times relevant hereto, Defendant Crespo acted under color of state law, in the course and scope of his employment, pursuant to the policies, practices and customs of SCJ, and is being sued in his individual capacity.

11.     Defendants Somerset County Correctional Officers John/Jane Does #1-10, (fictitious names, real names, unknown), upon information and belief, were at all times material

hereto, Correction Officers at SCJ and as such, were responsible for the care, custody and control of the SCJ Pretrial Detainees, Inmates, and released Inmates, such as the Plaintiff. At all times relevant hereto, Defendants John/Jane Does #1-10 acted under color of state law, in the course and scope of his/her employment, pursuant to the policies, practices and customs of SCJ, and are being sued in their individual capacities.

12. Defendants Somerset County Supervisors John and Jane Does #1-10 upon information and belief, were at all times material hereto Supervisors at SCJ who were responsible for supervising and directing the conduct of Correction Officers at SCJ, including Defendants Correctional Officers Castro, Soffer, and Lt. Crespo and John/Jane Does #1-10. At all times material hereto, Somerset County Supervisors John and Jane Does #1-10 participated in, directed, instructed, ordered, and/or acquiesced in the unconstitutional conduct of Defendants Correctional Officers Castro, Soffer and Lt. Crespo and John/Jane Does #1-10.

13. Plaintiff reserves the right to name and add these unknown persons as direct Defendants after completing necessary discovery.

14. Plaintiff brings this action, in part, under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., for money damages. In addition, Plaintiff contends that the acts and omissions of the Defendants resulted in violations of the New Jersey Civil Rights Act and the New Jersey State Constitution and the laws of New Jersey. The Somerset County Defendants' misconduct included, but is not limited to:

    (a) the failure to protect Plaintiff from reasonably foreseeable harm;
    (b) deliberate indifference to Plaintiff's safety, security, and bodily integrity;
    (c) unconstitutional policies, practices, and customs; and
    (d) the unreasonable creation of and aggravation of a dangerous situation ("State created danger").

15. Plaintiff has filed an effective notice of claim for damages in the form prescribed by N.J.S.A. 59:8-1, et seq., by serving same by all upon the Somerset County Defendants. More

than six months have passed since the service of Plaintiff's notice of claim and his claims remain unsatisfied.

16.     By reason of the unlawful and unconstitutional treatment of Plaintiff, by the aforementioned Somerset County Defendants, Plaintiff was required to and did employ legal counsel to ensure protection and redress for the deprivation of his constitutional and civil rights.

## IV.  **FACTUAL ALLEGATIONS**

17.     Plaintiff Samuel Dyal had been an Inmate and committed to the care and custody of Defendant SCJ.

18.     On Friday, August 13, 2021, Plaintiff Samuel Dyal appeared before the Somerset County Criminal Court for sentencing with respect to certain criminal charges.

19.     Prior to that date, Plaintiff had been an inmate at the SCJ for approximately three (3) months.

20.     Plaintiff had been assigned to Pod 2B.

21.     Upon information and belief, Plaintiff was placed in a maximum-security Pod with alleged murderers.  Plaintiff did not have a murder or murder-related charge.

22.     At the sentencing hearing, the Court ordered that Plaintiff Samuel Dyal be released from jail.  This occurred in the morning of August 13, 2021.

23.     After the virtual Court hearing, Plaintiff was placed back into his Pod, and, at approximately 2:30 p.m., an announcement was made over the Jail loudspeaker indicating that Samuel Dyal was being released.

24.     During that afternoon, Plaintiff's Mother, Megan Dyal Gallagher, was in frequent contact and interaction with the SCJ staff, as she was there to pick up and drive her son Samuel home.

25.     Plaintiff's mother arrived around noon and went back and forth, a few times, from her car in the parking lot to inside the jail, to keep checking on her son's release.

26.     Plaintiff Samuel proceeded to the front door of the Pod with his belongings, at which time certain transport Officers unlocked the Pod door and let him out.

27.     Right before they were to get on the elevator, one of the Officers inquired as to where his prisoner mat was.

28.     At that point, inexplicably, Plaintiff Samuel's release was delayed for an assortment of trivial reasons (including an allegedly missing mat and sheet).

29.     Upon information and belief, certain Jail staff members were upset with the fact that the Court had ordered his release earlier that day.

30.     At or around this time, Defendant Lt. Crespo confronted Plaintiff and proceeded to claim (falsely) that Samuel was giving the Officers a hard time.  Defendant Crespo then went through Samuel's belonging and Samuel stood against the wall.

31.     Defendant Crespo then ordered Plaintiff Samuel to return to his Pod and advised that he would not be released until he returned that sheet.

32.     Plaintiff was able to locate that sheet from another Inmate in the Pod and attempted to return to the exit door of the Pod.

33.     During precisely this time, Plaintiff's Mother Megan was told by Defendant Crespo that Plaintiff Samuel would not be released until after lockdown because he was being an "asshole".

34.     Lockdown occurred at approximately 3:40 p.m.

35.     Plaintiff Samuel waited in his Pod, sitting on a table inside.

36.     At this point in time, Defendants C.O.s Castro and Soffer came rushing into Plaintiff Samuel's Pod.

37.     Significantly, neither of these Defendants had been working that Pod earlier.

38.     Plaintiff advised these Defendants that his chest was hurting and he needed medical attention.

39.     Without saying anything, Defendants Castro and Soffer approached Plaintiff Samuel, and proceeded to grab him by both of his arms.

40.     Defendants Castro and Soffer lifted Plaintiff Samuel off the table and slammed him face first onto the concrete floor.

41.     Plaintiff's mother was in the waiting room of the jail at approximately 3:45 p.m. when an alarm sounded. Over the jail's speaker system she heard: "*Inmate on Officer, Two Bravo*," (2B, which was Plaintiff's pod). This was for Samuel Dyal.

42.     Upon information and belief, these Defendants then handcuffed Samuel and he was taken to the Jail Nurse.

43.     Plaintiff recalls having to spit out teeth and blacking out for a second.

44.     Plaintiff Samuel was subsequently told that he would not be released until 11:59 p.m., because that was the latest that they could keep him.

45.     During this time, Plaintiff's Mother kept reaching out to Jail staff to locate her son and to find out why he had not already been released, despite the Court's instructions.

46.     At around 5:45 p.m., presumably as a result of Plaintiff's Mother's persistence, Plaintiff Samuel was released.

47.     Plaintiff arrived at his mother's car with his face bloody, abrasions, and three broken upper teeth.

48.     Defendants' assault of Plaintiff Samuel Dyal was without provocation or legal cause.

49.     Defendant Castro's and Defendant Soffer's use of force was intentional, and at the time they picked the Plaintiff up and slammed him to the floor, the Plaintiff did not pose a risk to the Defendants, any other Inmate, nor to the security in the Jail; and there was no legitimate penological concern served by slamming him to the floor.

50.     Defendant Castro's and Defendant Soffer's use of force was objectively unreasonable under the circumstances and caused the Plaintiff serious injury, including a concussion, and serious dental injuries, that required immediate medical care.

51.     Defendant Castro's and Defendant Soffer's use of force in this manner was excessive and unreasonable, in violation of the Fourth Amendment.

52.     Defendant Castro's and Defendant Soffer's intentional use of force was conscience shocking, wholly arbitrary and capricious, and violated the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

53.     This assault of the Plaintiff should have been captured on video and said footage should be preserved.

54.     Defendant Castro, Defendant Soffer, and Defendant Crespo and/or the Somerset County Defendants' conduct violated the Plaintiff's constitutional right to be safe and secure in the Jail, and also his right to be released as per the Court's instructions.

55.     The unlawful actions and conduct of the Defendants evidenced a depraved and deliberate indifference to the clearly established constitutional rights of Plaintiff, protected and secured by the provisions of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under the laws of the United States, brought pursuant to the Civil Rights Act, Title 42 of the United States Code, §1983.

56.     This action is also brought pursuant to the New Jersey Civil Rights Act, Title 10 of the New Jersey Statutes for violations under the New Jersey Constitution, Article 1, §1.

57.     The Somerset County Defendants engaged in additional Fourth Amendment violations by unreasonably detaining him and continuing their "seizure" of Plaintiff, after the Court had ordered him released.

58.     The actions of Defendant Castro, Defendant Soffer, and Defendant Crespo and/or the Somerset County Defendants in delaying Plaintiff's release and in retaliating and punishing him with the misuse of force were done pursuant to the customs, practices, policies adopted by and/or implemented by the Somerset County Defendants, and included an unconstitutional policy, practice or custom of interfering with and/or delaying the release of an Inmate, and intimidating, harassing and threatening a released Inmate whom Defendants believed a Judge or Court should not have been released.

59.     As a result of Defendants unconstitutional conduct and unconstitutional practices, customs and policies, the Plaintiff was caused to suffer unnecessarily.

60.     At no time during the entire encounter did Plaintiff engage in any conduct which in any way justified the Defendants' use of unreasonable and/or excessive force, nor any of the unconstitutional conduct engaged in by Defendants.

61.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer from severe injuries, pain and suffering, some or all of which may be permanent.   All of these injuries have caused Plaintiff great pain and suffering.

62.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer serious mental anguish, fear, psychological and emotional distress, humiliation, physical pain and suffering, some or all of which may be permanent.

63.     By reason of the unlawful and unconstitutional conduct described above, engaged in by the aforementioned Somerset County Defendants, Plaintiff was required to and did employ legal counsel to ensure protection and redress for the deprivation of his civil rights.

64.     Plaintiff seeks attorney's fees and costs pursuant to 42 U.S.C. §1988 for his federal claims and N.J.S.A. 10:5-27.1, N.J.S.A. 10:6-2(c), and N.J.S.A. 34:19-5(c) for his state constitutional claims.

65.     The aforementioned actions as committed upon and against Plaintiff's person by Defendants were done under color of law.

66.     The acts and omissions of the Defendants, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

**COUNT I**
**FOURTH AMENDMENT AND FOURTEENTH AMENDMENT VIOLATIONS**
**UNREASONABLE AND/OR EXCESSIVE USE OF FORCE**
**PLAINTIFF v. CASTRO AND SOFFER**

67.     Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

68.     The above-described conduct of Defendants Castro and Soffer constitutes unreasonable and/or excessive force in violation of the Plaintiff's right to bodily integrity and security under the Fourth Amendment, the Fourteenth Amendment, and/or the Due Process Clause.

69.     The above-described conduct of the Defendant Officers constitutes unreasonable and/or excessive force in violation of the United States Constitution, the New Jersey Constitution, the United States Civil Rights Act 42 U.S.C. §1983, and the New Jersey Civil Rights Act, N.J.S.A 10:6-1, *et. seq*.

70.     The use of such unreasonable and/or excessive force by the Individual Defendant Officers, acting under color of state law, deprived Plaintiffs of his right to be secure in his person against unreasonable seizure of his person in violation of the United States Constitution, the New Jersey Constitution, the United States Civil Rights Act 42 U.S.C. §1983, and the New Jersey Civil Rights Act, N.J.S.A 10:6-1, *et. seq*.

71.     The use of force was done intentionally, is a blatant abuse of power, was arbitrary

and capricious and shocks the conscience.

72.     As a direct and proximate result of the Defendants' unreasonable use of force, the Plaintiff suffered serious injuries, including a concussion and severe dental injuries.

73.     The above-described actions of Defendants Castro and Soffer, in slamming the Plaintiff to floor without any provocation, cause, or legal justification was so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages in warranted.

74.     By reason of the unlawful and unconstitutional use of excessive force against the Plaintiff, as well as the other unconstitutional conduct described above, engaged in by the aforementioned Somerset County Defendants, Plaintiff was required to and did employ legal counsel to ensure protection and redress for the deprivation of his civil rights.

75.      The acts and omissions of the Somerset County Defendants, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff, Samuel Dyal, demands compensatory damages and punitive damages against Defendants Castro and Soffer in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs, attorney's fees and all other appropriate relief.

**COUNT II**
**EIGHTH & FOURTEENTH AMENDMENT VIOLATIONS**
**CRUEL AND UNUSUAL PUNISHMENT**
**PLAINTIFF v. CASTRO AND SOFFER**

76.     Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

77.     Defendants Castro and Soffer used force on the Plaintiff, that, under the circumstances was unreasonable, when Defendant Castro and Defendant Soffer picked the Plaintiff up and slammed him to the floor.

78.     Plaintiff did not pose a risk to the Defendants, any other Inmate, nor to the security in the Jail; and there was no legitimate penological concern served by slamming him to the floor.

79.     Defendants Castro and Soffer had no need to assault the Plaintiff, who, at the time, was sitting on a table awaiting his release.

80.     Because there was no need for Defendants Castro and Soffer to use excessive/unreasonable force to assault and batter the Plaintiff, there was no relationship between the need for the use of force and the amount of force used.

81.     The use of force by Defendants Castro and Soffer was so severe as to degrade human dignity, was inflicted solely in an arbitrary manner, would be wholly rejected by society and was clearly and blatantly unnecessary.

82.     The above-described conduct of the Defendants, and/or the other John/Jane Doe Defendant Officers constitutes cruel and unusual punishment.

83.     The actions of Defendants against Plaintiff in the manner described above, acting under color of state law, deprived Plaintiff of his rights, privileges and immunities under (a) the United States Constitution; (b) the laws and Constitution of New Jersey, in violation of the New Jersey Civil Rights Act, as well as the laws of the State of New Jersey; in particular, Article I, paragraph 12 of the New Jersey Constitution which provides that:

"*Cruel and unusual punishments [shall not] be inflicted*."

84.     Defendants have violated Mr. Dyal's rights under the United States Constitution, the New Jersey State Constitution, and the New Jersey Civil Rights Act. As set forth above, the Constitutional deprivations arose out of the Defendants' acts, omissions, policies, practices, and customs of the Defendants.

13

85.     The conduct of the Defendants, as set forth above, acting under color of State law, was (a) recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Plaintiff Samuel Dyal; (b) was committed in conscious disregard of the substantial and/or unjustifiable risk of harm to inmates, including Plaintiff, or (c) was so egregious as to the shock the conscience.

86.     The conduct of the Defendants, as set forth above, violated Plaintiff's Federal and State Constitutional Right to be free from cruel and unusual punishment, his right to privacy, and his right to substantive and procedural due process.

87.     Plaintiff sustained extensive injuries, more fully described above, as a direct and proximate result of the unreasonable and excessive force used by Defendants Castro and Soffer.

88.     Defendants Castro and Soffer could not reasonably perceive any threat to safety which Plaintiff could cause, since Plaintiff was sitting on a table waiting to be released.

89.     Defendants Castro and Soffer made no efforts to temper the severity of their forceful response.

90.     Defendants Castro and Soffer acted maliciously, and/or sadistically for the purpose of intentionally injuring Plaintiff, and/or acting with extreme cruelty or delight in their actions more fully described above.

91.     By reason of the unlawful and unconstitutional use of excessive force against the Plaintiff, as well as the other unconstitutional conduct described above, engaged in by the aforementioned Somerset County Defendants, Plaintiff was required to and did employ legal counsel to ensure protection and redress for the deprivation of his civil rights.

92.     Plaintiff's injuries described in length above, were directly and proximately caused by the intentional actions of Defendants Castro and Soffer.

93.     The acts and omissions of the Somerset County Defendants, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff, Samuel Dyal, demands compensatory damages and punitive damages against Defendants Castro and Soffer in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs, attorney's fees and all other appropriate relief.

### COUNT III
### FOURTH AMENDMENT VIOLATION
### UNREASONABLE SEIZURE

94.     Plaintiff repeats and realleges the allegations of all the paragraphs above as though fully set forth at length herein.

95.     As a direct and proximate result of the Somerset County Defendants' actions, Plaintiff was seized and his release was inexcusably delayed without just and probable cause.

96.     The Somerset County Defendants lacked probable cause to seize and/or continue to imprison Plaintiff, especially since the Court had ordered Plaintiff released.

97.     There was no legal justification for either the Plaintiff's continued seizure and/or the delay of his release.

98.     In particular, the Somerset County Defendants' actions violated the Fourth Amendment to the United States Constitution, as well as his procedural and substantive Due Process rights.

99.     The actions of the Somerset County Defendants, acting under color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the State of New Jersey, in particular, Article I, Paragraph 7, which provides that:

> *"The right of the people to be secure in their persons, houses, papers,*
> *And effects, against unreasonable…seizures, shall not be violated. . ."*

15

100.    The actions of the Somerset County Defendants, acting under color of state law, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the State of New Jersey, in particular Article I, Paragraph 1, which provides that:

> "*All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness*."

101.    By reason of the unlawful and unconstitutional use of unreasonable seizure of the Plaintiff, as well as the other unconstitutional conduct described above, engaged in by the aforementioned Somerset County Defendants, Plaintiff was required to and did employ legal counsel to ensure protection and redress for the deprivation of his civil rights.

102.    The acts and omissions of the Somerset County Defendants, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff Samuel Dyal demands compensatory damages and punitive damages against Defendants in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs, attorney's fees and all other appropriate relief.

## COUNT IV
## SUPERVISORY LIABILITY
## PLAINTIFF v. DEFENDANTS LT. CRESPO, WARDEN KAMINSKY, AND SUPERVISORS JOHN/JANE DOES #1-10

103.    Plaintiff repeats and realleges the allegations of all the paragraphs above as though fully set forth at length herein.

104.    Defendants Lt. Crespo, Warden Kaminsky, Sheriff Russo, and Somerset County Supervisors John/Jane Does #1-10, participated in, directed and/or acquiesced in the above-described unconstitutional treatment of the Plaintiff.

105.    As the direct and proximate result of Defendants Crespo, Kaminsky, Russo, and Somerset County Supervisors John/Jane Does #1-10's participation in, and/or direction of the unconstitutional misconduct described above, Plaintiff was unreasonably detained and injured.

106.    The above-described actions of Defendants Crespo, Kaminsky, Russo, and Somerset County Supervisors John/Jane Does #1-10 was so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages in warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff Samuel Dyal demands compensatory damages and punitive damages against Defendants Crespo, Kaminsky, Russo and Somerset County Supervisors John/Jane Does #1-10 in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the Defendants, plus interest, costs, attorney's fees and all other appropriate relief.

<u>**COUNT V**</u>
<u>***MONELL* CLAIM**</u>
<u>**PLAINTIFF v. SOMERSET COUNTY DEFENDANTS**</u>

107.    Plaintiff repeats and realleges the allegations of all the paragraphs above as though fully set forth at length herein.

108.    The Somerset County Defendants were aware of a pattern of the above misconduct used by Defendants Castro and Soffer, as well as Lt. Crespo, and were aware that their failure to investigate and discipline Defendants Castro and Soffer would result in incidents of excessive and unreasonable force, unreasonable seizure, interference with Court Orders, inmate abuse and cruel and unusual punishment.  The failure to correct said policies caused

Plaintiff to be assaulted as set forth above.  The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

109.    Acting under color of law and pursuant to official policy, practice, or custom, the Somerset County Defendants intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, Defendants Castro Soffer and Crespo and John & Jane Does (1-10) as to correct procedures and to refrain in their duties from unlawfully and maliciously assaulting, beating and otherwise mistreating and harassing inmates. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

110.    Acting under color of law and pursuant to official policy, practice, or custom, the Somerset County Defendants had knowledge or, had they diligently exercised their duties to instruct, train, supervise, control and discipline the Defendant Correction Officers, should have known that the above-described wrongs were about to be committed.  They had the power to prevent or aid in the prevention of said wrongs and could have done so with reasonable diligence and intentionally, knowingly or recklessly failed or refused to do so.

111.    The Somerset County Defendants, as a matter of policy, practice, or custom, have with deliberate indifference failed to adequately discipline, train or otherwise direct Correction Officers concerning the rights of inmates, thereby causing the Defendant Officers in this case to engage in the unlawful conduct described above.

112.    The Somerset County Defendants have allowed and continue to allow incidents such as this to occur unchecked.

113.    The Somerset County Defendants, with respect to discipline, created, encouraged and condoned an atmosphere of the use of and infliction of cruel and unusual punishment,

18

unreasonable force and other unconstitutional conduct.  This constituted a deliberate indifference or tacit authorization of such conduct.

114.    The Somerset County Defendants, as a matter of policy, practice, or custom, have with deliberate indifference failed to properly sanction or discipline the Correction Officers for violations of the State constitutional rights of inmates, thereby causing Correction Officers, including the individual Defendant Officers in this case, to engage in unlawful conduct.

115.    The Somerset County Defendants, as a matter of policy, practice, or custom, have with deliberate indifference failed to sanction or discipline Defendant Correction Officers, who were aware of and subsequently concealed violations of the State constitutional rights of inmates by other Correction Officers, thereby causing and encouraging Correction Officers, including the individual Defendant Officers in this case, to engage in unlawful conduct.

116.    The Somerset County Defendants, directly or indirectly, under color of law, approved and/or acquiesced in the unlawful, deliberate, malicious, reckless, wanton conduct of the individual Defendant Correction Officers heretofore described.

117.    The Plaintiff, Samuel Dyal, believes and therefore avers that the Somerset County Defendants, have adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence in unconstitutional misconduct, including the abuse and misuse of force and the interference with and delay of Inmate release, despite Court orders, and subjecting them to the same type of treatment to which Plaintiff was subjected, which policy violates the Due Process Clause of the Fourteenth Amendments of the Constitution of the United States.

118.    Plaintiff believes and therefore avers that the Somerset County Defendants have adopted and maintained for many years, a recognized and accepted policy, custom, and practice of systematically failing to properly train, supervise and discipline Correctional Officers, including the

aforementioned individual Defendants, regarding the use of force and the handling of court ordered release of Inmates, which policy violates the Due Process Clause of the Fourth and Fourteenth Amendments of the Constitution of the United States.

119.    The Plaintiff believes and therefore avers, that at the time of the aforementioned incident the Somerset County Defendants deliberately and/or knowingly acquiesced in the unconstitutional policies, practices and/or customs and failed to take measures to stop or limit the policies, practices and/or customs including, inter alia, providing proper training, supervision, and control of the Correction Officers at SCJ.

120.    Plaintiff believes and therefore avers that the Somerset County Defendants have adopted and maintained for many years a recognized and accepted policy, custom and practice of failing to properly investigate matters in which Correctional Officers utilized unreasonable and excessive force, and/or failed to timely release an Inmate whom the Court had ordered released, which allows for and results in an encouragement to Officers within the SCJ, including the aforementioned individual Defendants, to continue doing the same, and creates policies, practices, and/or procedures allowing Officers to proceed in this manner and creates an atmosphere for the allowance of deliberate indifference by Correctional Officers without fear of punishment.

121.    The Somerset County Defendants were aware of the aforesaid described policy, custom and practice for a substantial period of time and despite knowledge of the unconstitutional policies and practices as described above by the supervisory and policy making officers and officials, failed to take steps to terminate said practices; have not disciplined or otherwise properly supervised Defendant Officers who engaged in the said practices; have not effectively trained officers with regard to the proper constitutional and statutory limits in the exercise of their authority and instead sanctioned the policy and practices described above, exhibiting deliberate indifference of the constitutional rights of the those individuals in custody at  SCJ.

122.     By failing to take action to stop or limit the above policies, practices and/or customs and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policies, practices and/or customs of the Somerset County Defendants condoned, acquiesced in, participated in, and perpetrated the unconstitutional policies, practices and/or customs in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendment of the Constitution of the United States.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff Samuel Dyal demands compensatory damages against the Somerset County Defendants in his official capacity in an amount sufficient to fully and adequately compensate the Plaintiff, plus interest, costs, attorney's fees and all other appropriate relief.

## COUNT VI
## TORT CLAIMS ACT
### *Negligence and State Common Law Causes of Action*

123.     Plaintiff repeats and realleges all of the paragraphs above as though fully set forth at length herein.

124.     Plaintiff brings this action under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., for money damages.

125.     The acts and conduct of the Defendants alleged above constitute assault and battery, unreasonable force, unreasonable seizure, false imprisonment, intentional infliction of emotional distress, outrageous conduct, negligence, gross negligence, and negligent hiring, retention and supervision under the laws of New Jersey.

126.     The negligence, carelessness and recklessness of Defendants constituted a departure from accepted prison practices, constituted a breach of the duties owed to the Plaintiff, and were the proximate cause of the injuries suffered by the Plaintiff.

127.     Plaintiff has filed a timely notice of claim for damages in the form prescribed by N.J.S.A. 59:8-1, *et seq.*, by serving same by mail upon the New Jersey Department of Corrections.

128.     More than six months have passed since the service of Plaintiff's notice of claim and his claims remain unsatisfied.

129.     The Somerset County Defendants were in a position of authority to prevent the misconduct of their subordinates at the SCJ.

130.     Defendants negligently failed to instruct, supervise, control, and discipline, on a continuing basis, Defendants Castro, Soffer, Crespo, and John & Jane Does (1-10) to refrain in their duties from unlawfully and maliciously assaulting, beating, and harassing inmates and otherwise using unreasonable and excessive force.  The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

131.     Defendants, as a matter of policy, practice, or custom, have negligently failed to adequately discipline, train, or otherwise direct Correction Officers concerning the rights of inmates and have negligently failed to properly sanction or discipline Correction Officers, for violations of the Federal and State constitutional rights of inmates, thereby causing the individual Defendant Correction Officers in this case to engage in the unlawful conduct described above.

**WHEREFORE**, Plaintiff Samuel Dyal demands compensatory damages, as well as punitive damages, against Defendants in an amount sufficient to fully and adequately compensate the Plaintiff, plus interest, costs, attorney's fees and all other appropriate relief.

Respectfully submitted,

Dated:  August 3, 2022

*s/Patrick J. Whalen, Esquire*
PATRICK J. WHALEN, ESQUIRE

## JURY DEMAND

Plaintiff demands a trial by jury on all issues raised herein.

Dated:  August 3, 2022                     *s/Patrick J. Whalen, Esquire*
                                           PATRICK J. WHALEN, ESQUIRE

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Patrick J. Whalen, Esquire as trial counsel in the above-referenced matter.

Dated:  August 3, 2022

                                           *s/Patrick J. Whalen, Esquire*
                                           PATRICK J. WHALEN, ESQUIRE

## CERTIFICATION

I hereby certify that the matter in controversy in the within Complaint is not the subject of any other action pending in any other Court or of any arbitration proceeding.  No other action or arbitration proceeding regarding this matter is contemplated by Plaintiff.   I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  August 3, 2022

                                           *s/Patrick J. Whalen, Esquire*
                                           PATRICK J. WHALEN, ESQUIRE